Isis Rudolph

610 W. Broadway Rd. Suite 214

Chandler, AZ 85282

480-667-0426

Isisrudolph@gmail.com

```
         FILED         LODGED
         RECEIVED      COPY

         NOV 2 7 2019

      CLERK U S DISTRICT COURT
        DISTRICT OF ARIZONA
      BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Isis Rudolph, Pro Se,

Plaintiff

vs.

Waymo a Deleware Limited Liability Company

and

Genesis 10 a Deleware Corporation

Defendants,

Case Number 2:19-cv-05273-MHB

## COMPLAINT

**Disability Discrimination, Failure to provide reasonable accommodation, Harrassment and Retaliation**

### Introduction

1. Plaintiff, Isis Rudolph proceeding Pro Se, brings this action pursuant to Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C §2000e et seq, 42 U.S.C. § 12112(b)(5)(A)., Title I of the Americans with Disabilities Act of 1990, and 42 U.S. Code § 12203 to remedy acts of disability discrimination, failure to provide reasonable accommodation, harassment and retaliation perpetrated against her by Genesis 10 and Waymo. The plaintiff contends that Genesis 10 and Waymo did discriminate against her by terminating her based on her disability and their refusal to accommodate her disability and out of retaliation over her filing and eeoc charge against them as well as harassment she endured concerning her disability and the defendants refusal provide her reasonable accommodation

## Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C §2000e et seq, 42 U.S.C. § 12112(b)(5)(A)., Title I of the Americans with Disabilities Act of 1990, and 42 U.S. Code § 12203. Prohibition against retaliation and coercion

### Venue

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3), as Plaintiff was employed by private corporations in the District of Arizona iat the time of her termination, any records of employment were made in this judicial district.

### Parties

#### 4. Plaintiff

Isis Rudolph

#### Defendant/s

Genesis 10

And

Waymo

### Statement of Facts and Breach Attachment

5. On April 23rd, 2018 Isis Rudolph (Plaintiff) was hired by Jason Toudt of Genesis 10 (Defendant) to be a Vehicle Safety Operator of Self Driving Cars for Waymo at Chandler Arizona. As a vehicle safety operator, the Plaintiff reported to Claudia Valdez of Waymo. At the time of hire and upon completion of training the fleet was driving in Single Driver Mode which meant one person driving one vehicle for an entire 8-hour shift. There were a multitude of low power concealed cameras throughout the car which employees were informed about during training. The plaintiff knew of these cameras and had no issue with their presence nor to being recorded and she had no reaction or issues with the presence of these video cameras.

6. The plaintiff Performed her job without issue consistently for 7 months prior to the installation of a high powered, 24 Powerful IR-LEDs for Night Vision, Outdoor <u>Dome Surveillance Camera being mounted to the dashboard of the vehicle on the interior directed towards the face of the driver, In November 2018 the plaintiff experienced extreme anxiety and triggering of PTSD symptoms when faced with being assigned to these types of SDC's Self driving cars.</u>

**(the cameras were not in every car).**

Ammended Complaint 12/2/2019                                     2:19-cv-05273

The plaintiff had been approved for a contract extension and passed her 10 year background check, drug screen, and newly added intensive Background Requirements with the contractor and was also due for a yearly 1.00/hr wage increase which she inquired about on 5/22/2019 however never heard any information back on prior to her termination on June 20, 2019 by Lisa Robinson (Genesis 10 HR Consultant)via Email  At time of dismissal plaintiff was not of any adverse performance based issues about her job with the defendant/s.

7.     The plaintiff originallly expressed her concerns to her local management/co-workers in charge Ryan


Plaintiff has a qualifying disability/Protected Characteristic. She the plaintiff made a request via email. (in writing) regarding her request for accommodation. and was told via phone call she needed proof of her disability and that is what she asked of her doctor and provided to her employer.  Her employer needed more information and never gave the plaintiff a form to be completed by her dr.  which would have minimized the possibility of receiving inconclusive information.  A form was only provided to the plaintiff following her interview with an eeoc representative, which also seemed to trigger an interactive process.  She submitted documentation proving such on 2/21/2019 (Exhibit 1). The Plaintiff informed both defendants of her need for accommodation. This documentation was rejected as being enough to provide a reasonable accommodation by the defendant/s representative Beth Burris (Exhibit)) Lisa Robinson efendant harassed Plaintiff about providing additional documentation Plaintiff submitted additional medical documents which were also rejected as enough to provide medical accommodation by defendant.

The defendant violated the plaintiff's rights by not granting her a reasonable accommodation after she had turned in record of having a disability. which the law states is sufficient to provide an accommodation and harassing the Plaintiff over a substantial amount of time for additional paperwork, The Plaintiff did turn in additional paperwork however the type of documentation they required would have required a financial obligation that the plaintiff could not bear, the plaintiff continually attempted to get the paperwork within her financial means but was unsuccessful at doing so.  This led to the plaintiff being placed on non-paid leave by Lisa Robinson of Genesis 10 on  6/12/2019 and to her wrongful termination out of retaliation for filing the EEOC charge by Lisa Robinson of Genesis 10, via email on 6/20/2019.

**Exhibit/s:**

Exhibit 1 PTSD Diagnosis Documentation

Exhibits 2 PTSD triggers article,

Exhibits 3 OSU Eye Study Info

Exhibits 4 Banner Urgent Care Visit Summary

Exhibit 5 termination letter

Email records (Exhibit Email 1.2)

Text Records (Exhibit Text 1)

See Timeline of Requests and Submissions of info regarding Reasonable Accommodation

Timeline of Requests and Submissions of info regarding Reasonable Accommodation

| Corresponding Exhibit | Date Of Incident | Persons Involv | |
|---|---|---|---|
| Screenshots of Text/s various text regarding anxiety of camera car | Various | Supervisors/Waymo | |
| Screenshots of email regarding issues with camera car | | Claudia Valdez/Waymo | |
| Email to Claudia request accommodation info  Emails to gen 10 requesting info about reasonable accommodation/anxiety. | Jan 16 2019 Initially Jan 17th 2019 | Claudia Valdez Beth Burris Genesis 10 | |
| Beth Burris responds to request | 2/19/2019 | Beth Burris Genesis 10 | |
| Med Doc Obtained  Med Doc Submitted to Gen 10  Med Doc Rejected by Gen 10 | 2/20/2019 2/21/2019 2/21/2019 | Dr J. Hami of Parsons Family Clinic  Beth Burris Gen 10  Beth Burris Gen 10 | |
| Supplemental Med Doc Sent by Plaintiff – Urgent Care | 3/28/2019 | Banner Urgent Care Doc. | |
| Rob picard | 5/5/2019 | Rob Picard (temporary accommodation) | |
| Supplemental Med Doc Sent by Plaintiff – OSU Eye Study | 5/15/2019 | Dr. Jeffrey J. Walline OD PHD OSU Ophthalmology Dept | 614-247-6840 |
| Fleetwide email regarding my reasonable accommodation sent to all from v. godsee | 5/31/2019 Meetings :5/29/2019 | Varsha Godsee, Martin Pena/ Waymo | vgodse@waymo.com |

**Legal Reference:** _If an employee qualifies as disabled as defined by the ADA, they are entitled to a reasonable accommodation to facilitate their continued employment, so long as they can perform the essential functions of the job for which they are hired._

**Legal Reference:** _The law requires that an employer provide reasonable accommodation to an employee or job applicant with a disability, unless doing so would cause significant difficulty or expense for the employer._

https://www.employmentlawhandbook.com/federal-employment-and-labor-laws/ada/

**8.** Plaintiff was harassed, caused immeasurable harm, loss of pay, was forced to work in a culture of constructive retaliation and a hostile upsetting work environment January 2019 to the

defendant's wrongful termination on 6/20/2019 due to the defendant's denial of request for reasonable accommodation for qualifying disability of the plaintiff, Though the plaintiff made every worthwhile attempt to provide the defendants what they need and it was not until May that a form was provided for the reasonable accommodation and a interactive process was opened. These were done after the plaintiff had her eeoc interview. and over 3 months after her initial request for accommodation and submission of paperwork. The Defendant harassed and continuously forced the Plaintiff to have to drive the vehicle which triggered her PTSD (though many vehicles without these types of cameras were available and people without protected characteristics were assigned to them) **In addition to the emmense size and shear freakiness of this cameras presence it would CLICK while I was driving. It wouldn't click when others were driving who were my co-workers. (randy fryberger was a witness to this but I do not have his contact information) also the local management would try and be deceptive about getting me into the cars with the cameras (or either they didn't know) and they would say the cameras were disconnect the later when I began to drive it would be making noise and clicking. and this caused her an emotionally upsetting and hostile sometimes devastating workday where she would have emotional upset and have to dismiss herself after crying in the car due to the treatment she was receiving throughout her work day. Then the month she was terminated a email went out to her coworkers exposing information about her reasonable accommodation which caused her to be treated differently than other employees.

Exhibit 6 aurora behavioral health visit

Exhibit 9 non paid admin lfeave 1

Exhibit 10 admin leave email 2

Exhibit 13/17 – call off record

Exhibit Text 1

Exhibit Email 1

Exhibit 27 record of camera car assignment and general notes

https://www.employmentlawhandbook.com/federal-employment-and-labor-laws/ada/

**9.** Plaintiff was placed on non-paid administrative leave by defendant on 5/22/2019 & 6/12/2019 in retaliation for opening an EEOC investigation against the defendant/s.

**Exhibit/s:**

Exhibit 7 – EEOC 1

Exhibit 8 – EEOC 2

Exhibit 9 – Non paid admin leave i

Exhibit 10 admin leave email 2

See also EEOC case vs Adversary Administrative action Time Table

https://www.eeoc.gov/laws/types/retaliation.cfm

**10.** Plaintiff was placed on non-paid administrative leave on 6/12/2019 and terminated on 6/20/2019 in retaliation of voicing a safety concern and regarding her disability driving the camera car to Defendants representative Lisa Robinson of Genesis 10.

**Exhibit/s:**

Exhibit 11   safety concern email

Exhibit 10   admin leave email 2

Exhibit 5    termination letter

**11.** The Plaintiff was harassed retaliated against, treated differently than other employees and wrongfully terminated from her position on 6/20/2019 by the Defendants/s representative Lisa Robinson of Genesis 10 based on her disability though she went above and beyond to provide necessary medical documentation, through extenuating circumstances, to justify Defendant/s awarding reasonable accommodation when the document she originally submitted to the defendant on 2/21/2019 entitled her to the reasonable accommodation.

**Exhibit/s:**

Exhibit 9   non paid admin leave email 1

Exhibit 10 non paid admin leave email 2

Exhibit 1   Med doc hami

Exhibit 6   aurora health

Exhibit Email 1

Exhibit Email 2

Exhibit Email 3

Exhibit Email 4

Exhibit 14   eviction; eviction avoidance' moving cost extenuating circumstances.

**12.** Plaintiff was terminated on 6/20/2019 out of retaliation to filing a charge of discrimination against the defendant with the EEOC5/15/2019- 540-2019-01573. And 6/12/2019 540-2019-03573

**Exhibit/s:**

Exhibit 7 –  EEOC discrimination charge dismissed/right to sue letter

Exhibit 8 – New Charge of Retaliation opened with eeoc against genesis 10 and waymo

Exhibit 5 – Termination Letter

*See also* EEOC Case vs. Adverse Administrative Actions against Defendant Time Table

**Adverse Administrative Actions against Defendant Time Table**

| EEOC Inquiry submitted Waymo & Gen 10 | Eeoc Interview | Contacted by Waymo Varsha Godsee to speak about eeoc concerns | EEOC charge filed 540-2019-01573 | Plaintiff placed on Non paid admin leave | EEOC case Dismissed | EEOC retaliation case inquiry Gen10 540-2019-03573 | Placed on second non paid administrative leave | Case dismissal info received via mail | Date Terminated |
|---|---|---|---|---|---|---|---|---|---|
| 2-12-2019 | 5-9-2019 | 5-10-2019 | 5-15-2019 | 5-22-2019 | 6-6-2019 | 6-12-2019 | 6-12-2019 | 6-13-2019 | 6-20-2019 |

**13.** Plaintiff was terminated ON 6/20/2019 by the defendant/s out of retaliation for speaking up about Safety. And the complications of getting to her medical appointment brough on by being placed on a second non administrative leave and other random delays in pay leading up to the the appointment. It was not within the plaintiffs financial ability to obtain the additional medical documentation regarding driving the camera car. The Plaintiff was dismissed bassed on her disability.

**Exhibit/s:**

    Exhibit 11   plaintiff safety concern email re: camera car

    Exhibit 10   Non Paid Admin Leave 2

    Exhibit 5   Termination Letter

**14.** Plaintiff was terminated ON 6/20/2019 by the defendant/s in breach of contract.

**Exhibit 23:**

**Legal Reference:** AZ REV ST § 23-1501. Severability of employment relationships; protection from retaliatory discharges; exclusivity of statutory remedies in employment

**15. Pain and Suffering Statement:** *These 2 Defendants will never understand the gravity that that their combined lack of effort, concern, ability to have decent human consideration and out right disrespect for her disability and self-worth and self-value affected the already emotionally damaged and hurt individual, who is now of a protected class yet still not "protected". The plaintiff made a cross country transition from Columbus Ohio to heal in the valley of the sun where there seem to be an abundance of jobs and opportunity, The Plaintiff came here for a new start and the experience she has had as an employee with waymo and genesis 10 has had such a negative impact to her growth and progress forward, which is instrumental to her healing. the Plaintiff is experiencing her 2nd eviction just since this case has been moved to federal court (within 30 days). Her family has since divided and experiencing a domestic crisis of immense magnitude. She is the breadwinner to her immediate family. Her loved ones have now moved back home, and a countless other amount of emotional and*

psychological and financial setbacks have occurred because her employer refused to accommodate her in a situation where there were an abundant number of vehicles available without the Dome Dashboard camera. They didn't consider other positions while allowing her to do get the medical documentation. they didn't offer leave as an option. they only considered terminating her though she'd qualified and been approved another year contract extension. They had no consideration about the difficulty in obtaining affordable healthcare she was encountering as this was a non-covered health insurance expense and NO DOCTOR accepted her employer provided health insurance as evidenced by an aurora behavioral health representative during her visit there. The defendants had no consideration that the financial burden of obtaining the additional documentation was beyond the ability of the plaintiff. It was not something that could be obtained in one visit, it would require several visits at full non covered prices. The plaintiff was also fighting eviction, and trying to keep her family together, the entire time that she was being harassed by her employer about this additional medical documentation. Her termination was devastating for her and caused her to be further depressed, she lost sleep, and just further emotional turmoil to even have to represent herself Pro Se and have to revisit the emotional upset of this unnecessary experience while compiling this complaint has been further traumatizing. The plaintiff is still trying to recover from the defendant's egregious conduct.

## Count One

### DISABILITY DISCRIMINATION

*volume 42 of the United States Code, beginning at section 12101*

section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5, 2000e-16]

### Title I of the Americans with Disabilities Act of 1990

15 The ADA proscribes discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, . and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a)

16. Plaintiff **incorporates** by reference the facts alleged in paragraphs 1-13.

17. Defendants Waymo and Genesis 10 owed a **duty** to the Plaintiff to provide an workplace free from discrimination regarding her disability Under Title I of the Americans with Disabilities Act (ADA), which states: employers, including state and local governments, with 15 or more employees, are prohibited from discriminating against people with disabilities. Title I protects qualified individuals with disabilities in several areas, including job application procedures, hiring, firing, advancement, compensation and job training. It is also unlawful to retaliate against someone for opposing employment practices that discriminate based on disability, or for filing an ADA discrimination charge.

18. Plaintiff introduces the Prima Faci Conditions of her disability discrimination experienced during her employment with the Defendants. As she 1) has a qualifying disability. 2). was able to perform the essential functions fo her job with or without accommodation and 3) she was qualified for the position. In Sieberns v. Wal-Mart Stores, Inc., 125 F.3d 1019, 1021-22 (7th Cir.1997). In reasonable accommodation claims, a prima facie case mirrors the statutory elements. The statute provides that an employer discriminates against a qualified individual with a disability by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ." 42 U.S.C. § 12112(b)(5)(A). Accordingly, to state a prima facie case of "failure to accommodate" disability discrimination, a plaintiff who has suffered an adverse employment action must show that: (1) she was or is disabled; (2) the defendant was aware of her disability; (3) she was otherwise qualified for her job, Bultemeyer v. Fort Wayne Community Sch., 100 F.3d 1281, 1284 (7th Cir.1996); Beck v. Univ. of Wisconsin Bd. of Regents, 75 F.3d 1130, 1134 (7th Cir.1996); and (4) the disability caused the adverse employment action (a factor which is implied if not stated)

19. The Plaintiff made the Defendant Waymo aware of her need for an accommodation as early as Jan 16, 2019 in writing. She provided medical documentation of her disability on 2/20/2019 to Genesis 10. (Exhibit 1

20. The Plaintiff made the Defendant Genesis 10 aware of her need for an accommodation as early as Jan 17th 2019. And provided medical documentation of her disability on 2/20/2019.

21. The plaintiff was granted a contract extension shortly before being terminated. The qualifications of the extension consisted of passing an extensive background check and more intensive DOT requirements than the first contract term. Thus, the Plaintiff had proven she was qualified for the position and able to perform its essential functions with or without a reasonable accommodation.

22. The plaintiff was treated less favorably by the defendants by the refusal to provide the plaintiff a reasonable accommodation though she was a qualified individual with a disability and continually assigning her to vehicles which had the equipment installed which triggered her PTSD, though there was more than a sufficient amount of vehicles available without the equipment installed. The defendants would force the plaintiff into the situation of having to re-justify the need each workday to the supervisory staff on duty locally and at the main base. The plaintiff was forced to re-justify her medical need each workday in an open forum of coworkers which led to those co-workers inquiring about here medical condition throughout her shift. this led to her feeling sickness, stress, anxiety, stomach issues, and often dismissing herself to go home often without pay The Plaintiff was forced to re-explain her medical condition even after she proved she was part of a protected class (disabled). This went on for a period of over 5 months. Finally, an email from the defendant waymo to all coworkers went out explaining my medical accommodation need which led to more questioning from coworkers.

23. The plaintiff was treated less favorably than other employees by the defendant failing to provide a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability, which would not have caused undue hardship to the employer's business. And forcing her to continually re-justify the need for the accommodation.

24. The plaintiff was fired based on her disability.

25. As Shown in Exhibit 5 The defendant states they are terminating the plaintiff based on her disability.

26. The defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of an individual.

27. The Respondent's engaged in discrimination against the Plaintiff who is of a protected class, based on a protected trait her disability of PTSD instead of her performance on the job.

28. The defendants Breached their duty to provide a workplace free of discrimination.

  b. by segregating the job in a way as to discriminate.

  c. by utilizing discriminatory standards or methods of administration.

  d. by excluding the plaintiff from jobs and benefits based on her disability.

29. The Defendant's conduct as alleged above herein constitutes discrimination based on a protected disability in violation of Title I of the Americans with Disabilities Act.

30. The Defendants discrimination was a direct and proximate result of the plaintiff's injuries.

Count Two

**Failure to Provide Reasonable Accommodation**

**Reasonable Accommodations and the Americans with Disabilities Act 42 U.S.C. § 12112(b)(5)(A)**

31. According to 42 U.S.C. § 12112(b)(5)(A) an employer discriminates against a qualified individual with a disability by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . The ADA requires employers to provide reasonable accommodations and gives employees with disabilities the right to reasonable accommodations that will allow them to do their jobs.

*each of the Equal Employment Opportunity (EEO) laws prohibits retaliation and related conduct*

32. Plaintiff **incorporates** by reference the facts alleged in paragraphs 1-13.

33. The Defendants Waymo and genesis 10 did have a duty to provide a reasonable accommodation to the Plaintiff because The ADA requires employers to make reasonable accommodations so that workers with disabilities can secure and retain employment. According to the ADA An employer must make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."

34. The employee **has a disability as defined by the ADA and turned in documentation stating so from the doctor who diagnosed her on 2/12/2019**.

35. The Plaintiff made the Defendant Waymo aware of her need for an accommodation as early as Jan 16, 2019. She provided medical documentation of her disability on 2/21/2019 to Genesis 10. (Exhibit_1)

36. The Plaintiff made the Defendant Genesis 10 aware of her need for an accommodation as early as Jan 17th, 2019. And provided medical documentation of her disability on 2/21/2019.

37. The defendant had extended the contract of the Plaintiff, which consisted of passing an extensive background check and more intensive DOT requirements than the first contract term. Thus, the Plaintiff had proven she was **qualified** for the position and able to perform its essential functions with or without a reasonable accommodation.

38. In US Airways, Inc. v. Barnett, 535 U.S., 122 S. Ct. 1516 (2002), the Supreme Court laid out the burdens of proof for an individual with a disability (plaintiff) and an employer (defendant) in an ADA lawsuit alleging failure to provide reasonable accommodation. The "plaintiff/employee (to defeat a defendant/employer's motion for summary judgment) need only show that an 'accommodation' seems reasonable on its face, i.e., ... Once the plaintiff has shown that the accommodation s/he needs is "reasonable," the burden shifts to the defendant/employer to provide case-specific evidence proving that reasonable accommodation would cause an undue hardship in the particular circumstances.

39. The Defendants utilized discriminatory standards, criteria and methods of administration in continually refusing the proof of disability and suggestions for accommodations from the plaintiff, Though the Plaintiff provided another medical document from a doctor and researcher who knew of the EYE STUDY she had participated in years earlier a supplemental document explaining PTSD triggers and her urgent care documents which she explained where a direct result of her operating the affecting vehicle the previous shift. The Plaintiff kept continual pursuits to provide the documentations they required but failed to do so after missing an appointment because of lack of money and transportation while fighting an eviction and continually being placed on non-paid administrative leave once her EEOC charge was opened. This demand for submission of medical documentation was given with roughly only 7-10 days' notice and was not promised to render the documentation which the defendants were requiring as it was with an eye doctor. Missing this appointment relating to her disability and a request from the employer based on her disability were the deciding factors causing Genesis 10 and Waymo to meet and determine that the plaintiff should be terminated.

40. The Plaintiff's request for accommodation did not trigger an interactive process nor did it result in an accommodation being granted. The Defendant Genesis 10 did not officially begin an interactive process until May 31st, which was just after the plaintiff had been interviewed via phone by the eeoc regarding her charge of discrimination. The defendant Waymo, asked for "time to talk" meetings with the plaintiff 1 day after she was interviewed with the EEOC regarding her charge of discrimination against genesis 10 and waymo. The entire time leading up to that the Plaintiff was left explaining and reexplaining her issue daily to each supervisory staff in front of coworkers left asking about her disability. in order to enforce the accommodation just for the day.

41. The defendants never attempted the alternative to requesting documentation which is simply discussing with the employee the nature of her disability and functional limitations. The plaintiff had already proved her disability. The defendants opened an interactive process 3 months after she provided her accommodation information. The interactive process which if provided upon initial request could have uncomplicated the matter of obtaining the additional documentation.

42. The Employer Genesis 10 Did not expeditiously act upon the Plaintiffs request for accommodation but rather while insisting for more documentation harassed and tormented

the Plaintiff each workday requiring her to reexplain her medical issue to each supervisory staff that day and each day ask for the accommodation and justify it to the staff that day. this was done in a public forum in the hearing distances of her coworkers who then would inquire about her medical issue through the workday.

43. Despite there being more than enough vehicles being available without the equipment installed which triggered the Plaintiff's PTSD. The defendant chose to continually assign the plaintiff to the triggering vehicle. and forced her daily, into the situation of having to re-justify the need each workday to the supervisory staff on duty locally and at the main base. The plaintiff was forced to re-justify her medical need each workday in an open forum of coworkers which led to those coworkers inquiring about here medical condition throughout her shift. this led to her feeling sickness, stress, anxiety, stomach issues, and often dismissing herself to go home often without pay The Plaintiff was forced to re-explain her medical condition even after she proved she was part of a protected class (disabled). This went on for a period of over 5 months. Finally, an email to all coworkers went out explaining the plaintiff's medical accommodation need which led to more questioning from co worker

44. The Defendant was provided Reasonable documentation, or the documentation that is needed to establish that a person has an ADA disability and that the disability necessitated a reasonable accommodation.

45. The Defendants did not contest the disability of the plaintiff but made no initiative in implementing the suggested accommodation of the plaintiff. The employer opened an interactive process over 3 months after the initial request for accommodation was asked and proof of disability was provided. in that interim the plaintiff was harassed each workday and discriminated against regarding her disability and forced to re-justify her need for accommodation.

46. The defendants did limit or classify jobs in such a way as to discriminate by making more complicated camera systems, the need to wear sunglasses in non-tinted cars etc a part of the next advancing level of the position, a position from which the plaintiff was never considered despite having over 1 year experience and newly hired employees being considered for these positions over the plaintiff.

47. The defendants did arrange together to discriminate against the plaintiff.

48. The Defendants did exclude or deny the plaintiff from jobs or benefits on the basis of her disability.

49. The plaintiff was fired based on her disability. Due to the defendant's refusal to provide a reasonable accommodation.

51. The Defendant's conduct as alleged above herein constitutes failure to provide a reasonable accommodation in violation of Title VII of the Americans with Disabilities Act of 1990.

52. The Defendants harassment was a direct and proximate result of the plaintiff's injuries.

### Count Three

### Harrassment based on Disability Discrimination

### Title I of the Americans with Disabilities Act of 1990

See also US labor law and 42 U.S.C. §§ 12111–12117.

53. The ADA prohibits harassment based on disability; it is illegal to harass an employee because he has a disability. Harassment is illegal when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision (such as the victim being fired or demoted).

52. Plaintiff **includes by** reference the facts alleged in paragraphs 1-14.

53. Defendants Waymo and Genesis 10 owed a **duty** to the Plaintiff to provide an workplace free from harassment based on disability and hostility.

54. Defendants Waymo and Genesis 10 the employers did not prevent discrimination in the terms and conditions of employment.  The employers failed to prevent a hostile workplace.  The Plaintiff worked for the defendants

55. The Plaintiff made the Defendant Waymo aware of her need for an accommodation as early as Jan 16, 2019. She provided medical documentation of her disability on 2/21/2019 to Genesis 10.

56. The Plaintiff made the Defendant Genesis 10 aware of her need for an accommodation as early as Jan 17th, 2019. And provided medical documentation of her disability on 2/21/2019.

57. The defendant had extended the contract of the Plaintiff, which consisted of passing an extensive background check and more intensive DOT requirements than the first contract term. Thus, the Plaintiff had proven she was **qualified** for the position and able to perform its essential functions with or without a reasonable accommodation.

58. The plaintiff was treated less favorably by the defendants by the refusal to provide the plaintiff a reasonable accommodation though she was a qualified individual with a disability and continually assigning her to vehicles which had the equipment installed which triggered her PTSD, though there was more than a sufficient amount of vehicles available without the equipment installed.  The defendants would force the plaintiff into the situation of having to re-justify the need each workday to the supervisory staff on duty locally and at the main base.  This led to the plaintiff experiencing sickness at work, stomach upset, stress, anxiety, and she would eventually dismiss herself to go home, usually without pay.  The plaintiff was forced to re-justify her medical need each workday in an open forum of coworkers which led to those co-workers inquiring about here medical condition throughout her shift. This led to more sickness and emotional upset. The Plaintiff was forced to re-explain her medical condition even after she proved she was part of a protected class (disabled). This went on for a period of over 5 months. Finally, an email to all coworkers went out based on the plaintiff's medical accommodation need which led to more questioning from coworkers. Etc. Etc.

59. The plaintiff was treated less favorably than other employees by the defendant failing to provide a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability, which would not have caused undue hardship to the employer's business. And forcing her to continually re-justify the need for the accommodation.

60. The plaintiff was treated with unwelcome conduct based on her disability by the defendants by the continual refusal to provide the plaintiff a reasonable accommodation though she was a qualified individual with a disability and continually assigning her to vehicles which had the equipment installed which triggered her PTSD, though there was a sufficient amount of vehicles available without the equipment installed, even after she proved she was part of a protected class (disabled). This created a very Hostile work environment for the Plaintiff.

61. The plaintiff went above and beyond, despite extenuating circumstances to provide the medical documentation needed. she turned in 2 official documents from 2 different doctors and evidence of having gone to the Urgent Care after being forced to operate the car with the affecting camera installed. And though she was healing from the eye injury resulting from having driven the affecting vehicle she was still asked to operate that type of vehicle during her recovery.

62. The Defendants never took the alternative of simply discussing with the plaintiff the nature of her disability and functional limitations. Nor did they accept her one and only suggested accommodation, to be assigned to vehicles without the triggering camera. The plaintiff exhausted her means and methods of attempting to find affordable health care options. The plaintiff was forced to be an outpatient at a psychiatric clinic in attempts to get this paperwork.

63. The plaintiff was harassed because enduring the offensive conduct became a condition for her continued employment with the Defendant's Waymo and Genesis 10. Once the Plaintiff complained of the harassing circumstances she was placed on immediate administrative leave and very quickly fired.

64. The plaintiff's harassment resulted in a tangible employment action. The plaintiff was fired based on her disability.

65. The Defendant's harassed the Plaintiff and created a hostile work environment though she is of a protected class, based on a protected trait her disability of PTSD instead of her performance on the job.

66. The Harassment the Plaintiff endured was so severe that it changed the conditions of her employment and created an abusive working environment and resulted in a tangible employment action.

67. The plaintiffs supervisor Claudia Valdez was aware of her medical issues. Oon their first ride along after being fired, Mrs. Valdez inquired why the plaintiff sat off to herself and the plaintiff told her because of anxiety and the smallness of the area vs. Amount of people using it. On another occasion they were discussing the harassment shed received from a security guard at the main depot and the same supervisor said via email that she knew life could be hard but if I did not carry myself in a down way then these types of things would not happen to me. the sentiment was understood but the words hurt as she did not know my experience well enough

nor possess the proper medical degree for me to value or be presented with her opinion in such a way. as these things occurred in the late summer fall of 2018 the same supervisory staff of the defendants (waymo), whom repeatedly created an environment of hostility and turmoil for the plaintiff. were aware of the plaintiff's harassment as they were instrumental in causing it. they operated as a combined united Genesis 10 and waymo to create this hostile and emotionally upsetting environment for the plaintiff.

68. The defendant's genesis 10 were aware of the plaintiff's harassment because in a email with Mrs. Lisa Robinson where in the plaintiff is placed on non-paid administrative leave during an eeoc open investigation the plaintiff mentions that there is a mistake to cause the non-paid administrative leave and it was very up upsetting to experience. the plaintiff asked for the proof in writing of the requirement she violated and was sent a partial incomplete paragraph via email concerning the issue. in her first email to the defendant genesis 10 concerning being physically touched in the car and first asking for and email which was not answered until over a week later.

69. The defendant Genesis 10 consistently would contact the plaintiff on her day off with items about work to complete or address and routinely would not pay her disrespecting her time off and further upsetting the plaintiff

70. The harassment the Plaintiff endured was humiliating and interfered with her ability to work. The plaintiff had emotional and physical episodes during her shift and often had to go home without pay. This tangible employment action resulted in the plaintiff exhausting her leave and going many hours without pay up until the defendants began to place her on unjustified nonpaid administrative leaves once her EEOC investigation began in May of 2019.

71. Throughout her tenure the Plaintiff was denied or ignored for any opportunities for advancements that her co-workers received or new training in new areas. There were promises made of improved vehicles jaguars x's and semi-trucks, permanent positions travel with the company and increased benefits forth coming and the Plaintiff feels that though she had requalified herself and received a contract extension she was bullied and harassed out of her positions so that she would not receive these improvements as an employee.

72. The defendants continued to deny the plaintiff her reasonable accommodation despite she had already provided the employer with sufficient information to substantiate that s/he has an ADA disability and needs the reasonable accommodation requested.

73. The plaintiff was harassed because enduring the offensive conduct became a condition for her continued employment with the Defendant's Waymo and Genesis 10. Once the Plaintiff complained of the harassing circumstances she was placed on immediate administrative leave and very quickly fired.


74. The harassment the Plaintiff endured was based on her disability and her request for an accommodation.

75. The harassment the plaintiff endured was from the supervisory and administrative level who were aware she felt harassed and resulted in a negative employment action.

76. The defendants Breached their duty to provide a workplace free of harassment and hostility

    a. by conducting themselves in a way which created a work environment which a reasonable person would consider intimidating hostile or abusive.

    b. by utilizing harassing standards or methods of administration.

77. The defendants had a duty to provide reasonable care. The plaintiff used all available means of prevention provided to her by the employer to avoid harm by informing them how much these interactions were upsetting her and still the hostile harassing action did not cease. The plaintiff went on to file a discrimination charge and was dismissed from her position soon after receiving her right to sue letter.

78. Until emailed by waymo and invited to meet after her eeoc interview, the plaintiff was unaware of any grievance procedures she had not already attempted.

79. The Defendant's conduct as alleged above herein constitutes harassment based on a protected disability in violation of Title VII of the Americans with Disabilities Act of 1990 The stated reasons for the defendant's conduct were in violation of the law.

80 The plaintiff was harassed because enduring the offensive conduct became a condition for her continued employment with the Defendant's Waymo and Genesis 10. Once the Plaintiff complained of the harassing circumstances she was placed on immediate administrative leave and very quickly fired.

81. The plaintiff was fired based on her disability.

82. The Defendant harassed the Plaintiff who is of a protected class, based on a protected trait her disability of PTSD instead of her performance on the job.

83. The defendants Breached their duty to provide

    a. a workplace free of harassment.

    b. by conducting themselves in a way which created a work environment which a reasonable person would consider intimidating hostile or abusive.

    c. by utilizing harassing standards or methods of administration

84. The Defendants harassment was a direct and proximate result of the plaintiff's injuries.

**Count Four**

**Retaliation based on** filing a discrimination Charge

*Tiitle V of the Americans with Disabilities Act (ADA)* 42 U.S. Code § 12203. Prohibition against retaliation and coercion

85. Plaintiff **incorporates** by reference the facts alleged in paragraphs 1-13.

86. (a) Retaliation

Title V emphasizes, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." This title supports individuals with disabilities who need legal recourse to uphold their civil rights.

The law states No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

87. The Plaintiff is an employee of Waymo and Genesis 10 and was therefore protected against retaliation.

88. In a case alleging that an employer took a materially adverse action because of protected activity, legal proof of retaliation requires evidence that:

- An individual engaged in prior protected activity;
- The employer took a materially adverse action; and
- Retaliation *caused* the employer's action.

89. The Plaintiff filed an eeoc suit on and she received the right to sue letter concerning her suit on 6/13/2019.

90. In support of the Plaintiffs claim of retaliation the Plaintiff offers the written statement demonstrating a retaliatory motive as evidence. The termination letter sent to her from the defendants stating that the termination was based on her disability which was the basis for hare discrimination charge.it demonstrates that the plaintiff was disciplined for an infraction that another employee who did not engage in EEO activity could have committed and not been disciplined as severely.

91. The Defendants fired the plaintiff less than 10 days after she received her right to sue letter.

92. The suspiciously close timing between the EEO activity and the materially adverse action of termination points to retaliation for filing the eeoc charge being the cause.

93. Based on these facts it is more likely than not that retaliation has occurred.

94. The Defendant's conduct as alleged above herein constitutes retaliation based on a protected disability in violation of Title I of the Americans with Disabilities Act.

95. The Defendants retaliation was a direct and proximate result of the plaintiff's injuries.

**Guidance for relief § 708.36**

**Injuries and Relief**

**Prayer for Relief**

**WHEREFORE, the Plaintiff requests that the court award her:**

96. retroactive promotion and transfer to Detroit OPS or other Eastern US permanent full time hire with Waymo.  Including all travel and relocation expenses.  Competitive Salary and Immediate Full Benefits and other emoluments included.

97.  Monetary Damages – Back Pay, Front Pay including all interest and awards bonuses and pay increases.  In Excess of $300,000.00

98.  Compensatory Damages – Out of Pocket losses, Mental Anguish, Inconvenience, Loss of enjoyment of life expenses in excess of $300,000.00

99.  Punitive Damages – in excess of $300,000.00 (because the acts of discrimination were especially malicious and reckless

Retaliation Damages  under **Guidance for relief § 708.36**

100.  Pain and Suffering – Awards in excess of $500,000.00 **See Pain and Suffering Statement (statement of facts section).**

101.  other damages and further relief as deemed just.

102. Under the Laws regulating relief for disability discrimination, (non-good) faith failure to provide reasonable accommodation, harassment and retaliation.

As guidance for relief of injuries 42 U.S. Code § 1981a. Damages in cases of intentional discrimination in employment

42 U.S.C. § 1981a - U.S. Code - Unannotated Title 42. The Public Health and Welfare § 1981a. Damages in cases of intentional discrimination in employment

103. JURY DEMAND as required.

Respectfully Submitted,

*[signature]*

Isis Rudolph

Pro Se

601 W. Broadway Rd. Suite 214

Tempe, AZ 85282

Tel 480-667-0426