IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Rudolph,<br><br>                    Plaintiff,<br><br>v.<br><br>Genesis 10, a Delaware Corporation; and Waymo, LLC, a Delaware Limited Liability Company,<br><br>                    Defendants. | No. CV-19-05273-PHX- MHB<br><br>ORDER |

Pending before the Court is Plaintiff's Motion to Elect to Have Case Heard by a District Court (Doc. 122). Plaintiff asserts that she "no longer has faith in the even-handed administration of justice from this Magistrate."

Plaintiff's pro se complaint, filed originally in Arizona state court, was removed by Defendant Waymo LLC on September 26, 2019. (Doc. 1.) Plaintiff states causes of action under the Americans with Disabilities Act, Title VII of the Civil Rights Act. (Id.) Plaintiff's case was directly assigned to this Court. (Doc. 2.) See, LRCiv 3.7 (assignment of civil cases to district of magistrate judge by random assignment). The Clerk's Office immediately issued a Notice to Self-Represented Litigant on September 26, 2019, which gives a pro se civil litigant information relating to the use of electronic filing, provides information regarding legal material references found on the Clerk's Office website[1], and

---

[1] To include copies of the Local Rules, the Handbook for Self-Represented Litigants, frequently Asked Questions, and Forms for Pro Se Litigants.

provides information relating to the Federal Court Self-Service Clinic.  (Doc. 4.)

On December 2, 2019, Plaintiff filed the executed form, indicating that she "voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case."  (Doc. 40$^2$.)  Defendants also executed the election form consenting to magistrate judge jurisdiction.  (Docs. 11, 26.)  This action is therefore properly before this court pursuant to 28 U.S.C. § 636(c)(1).

The Court construes Plaintiff's motion as a motion to withdraw her consent to magistrate judge jurisdiction as well as a motion to disqualify based upon an allegation of judicial bias.  To the extent she is requesting to withdraw her consent, that motion must be decided by a district judge.  See, Branch v. Umphenour, 936 F.3d 994, 1002 (9th Cir. 2019).  Thus, that issue is currently before Chief Judge G. Murray Snow, who will issue a separate decision.  To the extent Plaintiff's motion is construed as a motion to disqualify this Court due to judicial bias, that issue may be decided "by the judge whose impartiality is at issue." United States v. Ford, 293 F.Supp.3d 1138, 1139 (E.D. Ca. Mar. 2, 2018). In her motion, Plaintiff voices several complaints she asserts demonstrate that this Court is biased against her.

1. Plaintiff asserts that this Court has threatened her with sanctions.

While it is true that this Court issued an Order to Show Cause on April 27, 2021, requiring Plaintiff to show cause as to why she did not appear as ordered at a scheduled telephone conference regarding a discovery dispute (Doc. 96), the Court found that Plaintiff had shown cause, and did not order any sanctions (Doc. 101).  The only other Order to Show Cause issued in the case was by Liaison District Judge G. Murray Snow, for Plaintiff's failure to return her election form, which she ultimately returned, and no sanctions were imposed (Doc. 27).

\\\

---

$^2$ The docket entry is only a text entry by the Clerk's Office that indicates a "party" consents to magistrate judge jurisdiction. The purpose of the anonymous entry is to shield the assigned judge from knowledge of a party's election.  In this case, since all parties have consented, this Court confirmed with the Clerk's Office that Plaintiff signed and submitted the referenced form.

- 2 -

2. Plaintiff states that the Court is scheduling meetings on days that Plaintiff must work, and thus she is losing income.

Plaintiff did not make any requests to vacate or reschedule either of the two telephonic conferences held in this case, that took place on May 7, 2021 (28 minutes), and June 4, 2021 (45 minutes) (Docs. 97, 124). No other hearings have taken place in this case since it was filed on September 26, 2019. The Court will make every effort however, at Plaintiff's request, to schedule, or reschedule future hearings on days or times that Plaintiff is not working.

3. The denial of Plaintiff's request for an accommodation.

Plaintiff filed a Request for Motion for Accommodation on May 14, 2021 (Doc. 99). In her motion Plaintiff generally requested more time to meet deadlines because of her disabilities. In support of her request, she attached a letter from a therapist, Mike Cardillo, LISW, in which he stated that he had diagnosed Plaintiff with PTSD and ADHD, and that as a result, Plaintiff "struggles to focus and complete tasks in a timely manner." Mr. Cardillo recommended that Plaintiff be given "additional time to gather and complete the court's requested materials." The Court denied the request for a blanket accommodation, but indicated it would consider Plaintiff's circumstances in ruling on requests made for extensions, "taking into consideration the complexity of the request, and the circumstances surrounding Plaintiff's ability to comply in a timely manner." (Doc. 102.)

Since that time, Plaintiff filed a Motion for Extension of Time to Present Disclosures and Discovery, and a Motion to Continue in the event of Loss of Residence/Homelessness (Docs. 105, 106). At a telephonic hearing on June 4, 2021, the Court denied Plaintiff's motion to continue as premature, since it was speculative that Plaintiff would become homeless, and denied her request for extension of time, on several grounds, but in particular based upon the fact that the deadline for Plaintiff to propound written discovery had passed by several months and the fact that the record reflected, in Plaintiff's filings, her knowledge and capabilities with respect to responding to and propounding discovery requests.

Plaintiff has filed no further motions requesting extension of discovery or responsive pleading deadlines.

4. The denial of Plaintiff's request to appoint counsel.

Plaintiff asserts that the Court has denied her multiple requests for counsel. Yet, there is no "constitutional right to appointment of counsel in a civil case." See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). In denying Plaintiff's last request, the Court found that Plaintiff had not demonstrated the type of exceptional circumstances that might entitle her to the appointment of counsel, because of her proven ability to articulate her claims in light of the complexity of the legal issues, and her failure to demonstrate a likelihood of success on the merits of her claims. (Doc. 20.)

5. The Court's reference to Plaintiff as "Defendant" in a minute entry.

Plaintiff complains that in court minutes, the Court referred to motions filed by her as motions filed by "defendant." See, Doc. 116. The Court has since amended those minutes to reflect the correct designation. (Doc. 124.) The error was harmless, as the docket number associated with the motions were correct, and it was otherwise clear from the record which party filed the motions.

**Disqualification**

The standard for disqualification of a judge is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Ford, 293 F.Supp.3d 1138, 1139 (E.D. Ca. Mar. 2, 2018) (citing Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984)). Plaintiff complains that the rulings by the Court demonstrate that this Court is not even-handed; however, judicial rulings on motions "almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Such rulings "only in the rarest circumstances evidence the degree of favoritism or antagonism required [] when no extrajudicial source is involved." Id.

Plaintiff's complaints regarding the Court's rulings do not support a finding of impartiality, and the Court will thus deny Plaintiff's motion to disqualify this Court. As

the Court has advised Plaintiff in its Order denying her motion for a blanket accommodation, it will nonetheless evaluate Plaintiff's requests for extensions of time in light of her circumstances. (Doc. 102.) In the meantime, the Court observes that Defendant Waymo LLC has filed a Motion for Sanctions. (Doc. 118.) This Court will extend the time for Plaintiff to respond to that motion for 30 days until August 1, 2021.

**IT IS ORDERED** denying **IN PART** Plaintiff's Motion to Elect to Have Case Heard by a District Court (Doc. 122), to the extent she requests the recusal of this Court. A separate Order will be issued by Chief Judge G. Murray Snow as to the other issue raised in the motion.

**IT IS FURTHER ORDERED** that Plaintiff file her response to Defendant Waymo LLC's Motion for Sanctions (Doc. 118), on or before August 1, 2021.

Dated this 7th day of July, 2021.

Honorable Michelle H. Burns
United States Magistrate Judge