**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isis Rudolph, | No. CV-19-05273-PHX-MHB |
| Plaintiff, | **ORDER** |
| v. | |
| Genesis 10, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Isis Rudolph's ("Plaintiff") Motion to Elect to Have Case Heard by a District Judge. (Doc. 122.) For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff is proceeding pro se in a wrongful termination lawsuit before Magistrate Judge Michelle H. Burns. On December 2, 2019, Plaintiff consented to magistrate judge jurisdiction. (Doc. 40.) Defendants Genesis 10 and Waymo also consented to magistrate judge jurisdiction. (Docs. 11, 26.) Plaintiff now seeks to withdraw her consent. (Doc. 122.)

## DISCUSSION

### I.   Legal Standard

A motion to withdraw consent from a magistrate judge is decided by a district judge. *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019). "There is no absolute right, in

a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). The reference may be withdrawn only "for good cause on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4). "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Branch*, 936 F.3d at 1004.

## II.   Analysis

Plaintiff fails to demonstrate good cause or extraordinary circumstances. Plaintiff takes issue with the Magistrate Judge's denial of her request for an attorney. (Doc. 122 at 2.) However, there is generally no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) if there are exceptional circumstances. *Olson v. Smith*, 609 Fed. App'x 370, 372 (9th Cir. 2015). As the Magistrate Judge properly found, Plaintiff failed to demonstrate exceptional circumstances. *See* (Docs. 20, 38.)

Plaintiff also takes issue with the Magistrate Judge's denial of her request for a medical accommodation. (Doc. 122 at 3.) Magistrate judges are afforded broad discretion in pretrial matters. *Arkema Inc. v. Anderson Roofing Co.*, No. CV 09-453-PK, 2010 WL 2034548, at *1 (D. Or. May 18, 2010). Moreover, the Magistrate Judge did not bar Plaintiff from filing future requests for accommodation. The Magistrate Judge only refused to allow a blanket accommodation. (Doc. 102.)

Plaintiff further notes that the Magistrate Judge referred to Plaintiff as the defendant in court documents and schedules meetings when she has work. (Doc. 122 at 3.) Neither issue demonstrates good cause or extraordinary circumstances. The Court corrected its erroneous referral to Plaintiff as defendant, (Doc. 124), and the Magistrate Judge indicated that it would make every effort, at Plaintiff's request, to accommodate Plaintiff's schedule, (Doc. 126 at 3); *see also Alve v. Montgomery*, No. 14-CV-575-BEN (JLB), 2014 WL 3950665, at *2 (S.D. Cal. Aug. 11, 2014) ("A magistrate judge has ample discretion to

manage his or her docket."). Additionally, Plaintiff generally takes issue with the Magistrate Judge's denial of her motions and expresses concern about the case proceeding in an unbiased manner. As discussed above, however, mere dissatisfaction with a magistrate judge's decisions and unadorned accusations of judicial bias are not enough. *See Branch*, 936 F.3d at 1004.

As Plaintiff fails to demonstrate good cause or extraordinary circumstances, her motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Elect to Have Case Heard by a District Judge (Doc. 122) is **DENIED.**

Dated this 3rd day of August, 2021.

G. Murray Snow
Chief United States District Judge